UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MICHELLE NINNEMANN,**

    **Plaintiff,**

    v.                                                                                    **Case No. 20-CV-1356-SCD**

**KILOLO KIJAKAZI,**[1]
**Acting Commissioner of Social Security,**

    **Defendant.**

---

### ORDER AWARDING FEES AND COSTS
### UNDER THE EQUAL ACCESS TO JUSTICE ACT

---

Michelle Ninnemann filed this action on September 2, 2020, seeking judicial review under the Social Security Act, 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security denying her applications for social security disability benefits. ECF No. 1. The matter was reassigned to me after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 4, 7, 8. On May 27, 2021, I issued an order approving the parties' stipulation to reverse the Commissioner's decision and remand this matter for further proceedings pursuant to sentence four of § 405(g). *See* ECF No. 27. Judgment was entered that same day. *See* ECF No. 28. On July 13, 2021, the parties filed a stipulation pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, for $4,141.51 in attorney fees. *See* ECF No. 29.

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Accordingly, Kijakazi is substituted for Andrew M. Saul as the named defendant in this action pursuant to Fed. R. Civ. P. 25(d).

I find that the fees incurred are reasonable and compensable under § 2412. Accordingly, the parties' stipulation, ECF No. 29, is **APPROVED**. The plaintiff, Michelle Ninnemann, is **AWARDED** $4,141.51 in attorney fees in full satisfaction and settlement of all claims the plaintiff may have in this case under the EAJA. The award of attorney fees will satisfy all the plaintiff's claims for fees, costs, and expenses in this case under 28 U.S.C. § 2412.

Any fees paid belong to the plaintiff and not to the plaintiff's attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If counsel for the parties verify that the plaintiff does not owe pre-existing debt subject to offset, the Commissioner agrees to direct that the award be made payable to the plaintiff's attorney pursuant to the EAJA assignment duly signed by the plaintiff and counsel. If the plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner will instruct the U.S. Department of Treasury that any check for the remainder after offset be made payable to the plaintiff and mailed to the business address of the plaintiff's attorney.

**SO ORDERED** this 14th day of July, 2021.

_Stephen C. Dries_
STEPHEN C. DRIES
United States Magistrate Judge